IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALBINO AGUER, A#094696185,        ) | |
|     Petitioner,                              ) | |
| vs.                                                        ) | No. 3:19-CV-2827-E (BH) |
|                                                  ) | |
| U.S. IMMIGRATION AND               ) | |
| CUSTOMS ENFORCEMENT,         ) | |
|     Respondent.                            ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the petitioner's *Application to Proceed In District Court Without Prepaying Fees or Costs,* received November 26, 2019 (doc. 4). Based on the relevant filings and applicable law, the application should be denied, and the case should be **DISMISSED without prejudice** for failure to prosecute or follow orders of the court.

### I. BACKGROUND

On November 26, 2019, the petitioner's petition for habeas corpus relief under 28 U.S.C. § 2241 and *Application to Proceed In District Court Without Prepaying Fees or Costs* were received. (*See* docs. 3, 4.) By *Notice of Deficiency and Order* dated November 26, 2019, which was mailed to the address he provided, the petitioner was notified that his application did not provide enough information to decide if *in forma pauperis* status was appropriate because it does not include the required certificate of inmate trust account. (*See* doc. 5.) He was ordered to either submit a properly signed certificate of inmate trust account or pay the $5 filing fee within thirty (30) days of the date of the order. (*See id.*) He was also ordered to immediately notify the Court of any change of address and its effective date by filing a notice of change of address. (*See id.*)[2] The notice specifically stated

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

[2] The instructions mailed to the petitioner upon the filing of his case also specifically advised him of his duty to notify the Court of any change in address. (*See* doc. 2.)

that a failure to comply with its terms could result in the dismissal of the petition. More than thirty days from the date of that notice have passed, but the petitioner has not submitted a signed certificate of inmate trust account, paid the fee, or filed anything else in this case. On December 17, 2019, the notice and order was returned as undeliverable. (*See* doc. 6.) The petitioner has not filed any notice of change of address.

## II. IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.; see also* Misc. Order 13 at ¶ 9 (N.D. Tex. Feb. 1, 1977) (requiring habeas petitioner to pay filing fee if prison account and other resources exceed $50.00).

As noted, the petitioner did not submit a signed certificate of inmate trust account as ordered. He has not shown that he has any demands on his financial resources or that he will suffer undue financial hardship after payment of the $5.00 filing fee for this habeas action. His IFP motion should therefore be denied.

## III. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, pre-

vent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Here, the petitioner was given thirty days to either submit a signed certificate of inmate trust account or pay the filing fee, and the notice specifically warned that failure to comply could result in the dismissal of his petition. He still has not complied with the notice and order or otherwise responded. Nor has he filed a change of address form, and the notice and order have been returned as undeliverable. Because he failed to comply with the notice of deficiency and order within thirty days, his petition should be dismissed without prejudice for failure to prosecute or follow orders of the court.

### IV. RECOMMENDATION

Leave to proceed *in forma pauperis* should be denied, and the § 2241 petition should be dismissed under Fed. R. Civ. P. 41(b) without prejudice for want of prosecution or failure to follow orders of the court, unless the petitioner either submits a signed certificate of inmate trust account or pays the $5 filing fee within the fourteen-day time frame for objecting to this recommendation, or by some other deadline set by the Court.

**SIGNED this 3rd day of February, 2020.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE